Gerald Barrett, Esq. SBN: 005855
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Ave., Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Butler as Trustee of the Plaintiff Taft-Hartley Trust Funds;  Bryan Dewitt, as Trustee of the Plaintiff Taft-Hartley Trust Funds; Arizona Pipe Trades Health And Welfare Trust Fund, a Taft-Hartley Trust Fund; Arizona Pipe Trades Pension Fund, a Taft-Hartley Trust Fund; Arizona Pipe Trades Defined Contribution Pension Plan a Taft-Hartley Trust Fund; Arizona Pipefitting Trades Joint Apprenticeship Trust Fund, a Taft-Hartley Trust Fund; Pipe Trades Industry Program Of Arizona, a Trust; and, Local Union No. 469 Of United Association of Journeymen And Apprentices Of The Plumbing And Pipefitting Trade, a Labor Organization, | Case No.: |
| | **COMPLAINT** |
| Plaintiffs, | |
| vs. | |
| City Plumbing Services LLC, an Arizona Limited Liability Corporation, | |
| Defendant. | |

- 1 -

Plaintiffs allege as follows:

**A.     Count One - Enforcement of Collective Bargaining Agreement**

1.      Count One is brought to enforce the terms of a collective bargaining agreement.  Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

2.      Venue is appropriate as the delinquent employee fringe benefit contributions at issue are received by each of the Plaintiff Trust Funds at a depository in Phoenix, Maricopa County, Arizona.

3.      Each Plaintiff maintains its principal place of business in Phoenix, Maricopa County, Arizona.

4.      Plaintiff Local Union No. 469 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Industry (Local 469) is a labor organization within the meaning of the federal labor laws.

5.      Plaintiff Arizona Pipe Trades Health and Welfare Trust Fund, Plaintiff Arizona Pipe Trades Pension Trust Fund, Plaintiff Arizona Pipe Trades Defined Contribution Pension Trust Fund; Plaintiff Arizona Pipefitting Trades Joint Apprenticeship Trust Fund and Plaintiff Pipe Trades Industry Program of Arizona (collectively referred to as "Trust Funds") are each a designated third-party beneficiary to a multi-employer, collective bargaining agreement between Plaintiff Local 469 and various contractors, including Defendant.

6.      Each of the Plaintiff Trust Funds is empowered by the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001, et seq. to sue and be sued as an entity.

7.      Plaintiffs Bryan DeWitt and Aaron Butler are each duly appointed trustees of the Plaintiff Trust Funds.

8.      Defendant City Plumbing Services LLC is a limited liability corporation organized under Arizona law.

9.      Defendant maintains its offices in Maricopa County, Arizona and conducts business Maricopa County.

10.     Defendant, at all relevant times, has been and remains bound by the terms of a collective bargaining agreement with Plaintiff Local 469 (Agreement) requiring, among other things, Defendant to comply with the reporting and fringe benefit payment obligations described herein.

11.     The Agreement requires Defendant to file a contribution report form on a monthly basis, with the various Plaintiff Trust Funds, listing the names of each employee performing covered work during the prior month and the number of hours worked by each employee.

12.     Under the Agreement, Defendant is further obligated to pay fringe benefit contributions to each of the various Plaintiff Trust funds based on the number of hours worked pursuant to the contribution rates set forth in the Agreement.

13.     Under the Agreement, Defendant is further required to deduct a specific amount from the wages of each employee who signs a form authorizing elective 401 (k) deferrals and remit those amounts to the Plaintiff Arizona Pipe Trades Defined Contribution Pension Plan.

14.     Under the Agreement, Defendant is further required to deduct a specified amount from the wages of each employee who signed a dues authorization check off form and remit that to Plaintiff Local 469 as and for dues payment and a specific sum from each employee who signed an authorization a specific sum as and for a contribution to the political action committee.

15.     Based on reports filed by Defendant for hours worked in September, October and November 2019 and taking into account all partial payments received, March and April 2018, the following amounts are owed for contributions:

| MONTH | Health & Welfare | Pension | Defined Contribution | 401(k) | JATC | PIPE | Dues | PAC |
|---|---|---|---|---|---|---|---|---|
| September | $5,087.70 | $2,255.70 | $0.00 | $0.00 | $687.80 | $190.20 | $0.00 | $0.00 |
| October | $4,991.00 | $2,263.00 | $0.00 | $0.00 | $682.00 | $186.00 | $0.00 | $0.00 |
| November | $2,898.00 | $1,314.00 | $0.00 | $0.00 | $396.00 | $108.00 | $0.00 | $0.00 |

16.     The Trust Agreements for the Plaintiffs Health and Welfare Fund, Pension Fund, Defined Contribution Plan and Joint Apprenticeship Fund provide for the assessment of liquidated damages in the amount of ten-percent of the amount due when contributions are not timely paid.

17.     The following amounts are owed for liquidated damages for hours worked in September through November 2019: Health & Welfare, $1,297.67; Pension, $583.27; and JATC, $176.58.

18.     Defendant owes additional sums to compensate for lost earnings, in amounts yet to be computed, for its failure to timely remit payment of amounts it deducted from the wages of employees who elected to make voluntary deferrals.

19.     The various Agreements and Declarations of Trust provide that Plaintiff Trust Funds are entitled to recover their attorneys' fees and court costs incurred as a result of collection efforts.

20.     Plaintiffs have incurred attorney's fees, court costs and other costs of collection.

21.     Plaintiffs are entitled to recover pre-judgment interest.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant Employer for unpaid contributions and liquidated damages for hours worked during the period of September through November 2019; amounts to compensate employees for delay in remitting voluntary 401(k) contributions; along with prejudgment interest, attorneys' fees and all other relief deemed by the Court to be appropriate.

**C.     Count Two - Enforcement of ERISA**

22.     Plaintiff Trust Funds incorporate paragraphs 1 through 21 except for paragraphs 1 and 14.

23.     Count Two is brought to remedy Defendant's breach of 29 U.S.C. § 1145. Accordingly, the Court has subject matter jurisdiction pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 1132.

24.     By failing to pay contributions to the various Plaintiff Trust Funds, Defendant has breached 29 U.S.C. § 1145.

25.     By failing to timely remit amounts deducted from employees wages for 401(k) elective deferrals, Defendant has engaged in a prohibited transaction and is obligated to, among other things, compensate affected employees for lost earnings.

26.     As provided by 29 U.S.C. § 1132, Plaintiff Trust Funds are entitled to entry a judgment for the delinquent contributions, liquidated damages, pre-judgment interest, attorney's fees court costs and other relief.

WHEREFORE, Plaintiffs pray that the Court grant judgment in their favor and against Defendant Employer for unpaid contributions and liquidated damages for hours worked during the period of September through November 2019; amounts to compensate employees for delay in remitting voluntary 401(k) contributions; along with prejudgment interest, attorneys' fees and all other relief deemed by the Court to be appropriate.

Dated this 30th day of December 2019.


s/GERALD BARRETT
Gerald Barrett
WARD, KEENAN & BARRETT, P.C.
3838 N. Central Ave., Suite 1720
Phoenix, AZ 85012
Tel: 602-279-1717
Fax: 602-279-8908
Email: gbarrett@wardkeenanbarrett.com
Attorney for Plaintiffs

**<u>Certificate of Service</u>**

I hereby certify that on the 30th
day of December, 2019, I electronically
transmitted the foregoing to the Clerk
of the U.S. District Court using the
CM/ECF System for filing and transmittal.

s/Mary Farley